

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2006

# Jacobs v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1722

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jacobs v. Beard" (2006). *2006 Decisions.* Paper 1371.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1371

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1722
_____

ANDRE JACOBS,

Appellant


v.


JEFFREY BEARD, Pennsylvania Department of Corrections;
THOMAS MCCONNELL; CAROL SCIRE; GREGORY GIDDENS; ALLEN
LYNCH; ROBERT BITTNER; CAPTAIN J. SIMPSON; KRISTIN P. RESSING;
MICHAEL FERSON; SHELLY MANKEY; WILLIAM STICKMAN; FRANK
CHERICO; DAVID MCCOY; ROBERT FRANK, Sergeant; JEFFREY
FORTE, Lieutenant; FRANK COLE, Major of the Guards; GREGORY
MOHRING, Lieutenant; A. E. YUHOUSE, Corrections Officer; FNU
WINTERS, Corrections Officer; JOEL DICKSON, Deputy
Superintendent; SERGEANT MCGRADY, Property Officer

_____


On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-CV-01366)
District Judge: Honorable Joy Flowers Conti

_____



Submitted Under Third Circuit LAR 34.1(a)
March 1, 2006

Before: BARRY, STAPLETON AND GREENBERG, CIRCUIT JUDGES

(Filed: March 29, 2006 )

## OPINION

PER CURIAM

André Jacobs appeals from an order of the United States District Court for the Western District of Pennsylvania, granting defendants' motion to dismiss his civil rights complaint. We will vacate the order and remand for further proceedings.

Jacobs filed a complaint alleging unlawful seizure and destruction of some of his legal papers, defamation of character, conspiracy, retaliation, discrimination, unconstitutional interference with access to courts, denial of due process, and maintaining false business records based on incidents occurring when he was an inmate at SCI-Pittsburgh (he has since been transferred). We have jurisdiction pursuant to 28 U.S.C. 1291. We exercise plenary review of the District Court's dismissal of Jacobs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). Gary v. Air Group, Inc., 397 F.3d 183, 186 (3d Cir. 2005). Because we are reviewing the grant of a motion to dismiss, we accept as true all factual allegations in the complaint and view them in the light most favorable to Jacobs. Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000). We will affirm only if it appears no relief can be granted under any set of facts the plaintiff could prove. Alston v. Parker, 363 F.3d 229, 232-33 (3d Cir. 2004).

Jacobs' complaint was based primarily on two incidents. On September 15, 2003, inmate Eric Lyons was leaving the prison library. Officer Chirico searched him, and

"found 151 pages of legal work belonging to Jacobs." <u>See</u> Misconduct Report A469502 (against Lyons), attached to complaint. Chirico accused Lyons of lying and saying the materials were his, and told him he was violating prison policy by possessing another inmate's legal work when he was not "recognized as a legal aid." <u>Id</u>. According to Lyons' affidavit, attached to Jacobs' complaint, the 151 pages were sent to the Security Office. Lyons complained to Lt. Giddens, a shift supervisor, who said he would look into it. According to Lyons, Giddens later came to his cell and said "he would have been a fool to return the legal materials to Mr. Jacobs," because "his name was listed on a separate planned civil action and that he anticipated that all the materials will likely be destroyed." Jacobs filed a grievance complaining about the seizure of his documents, noting Giddens' statement that he would have been a fool to return the documents, and disputed whether the prison could legally have a policy prohibiting other inmates from assisting with legal matters. <u>See</u> Grievance No. 63417, attached to the complaint. The initial review response (which was performed by Lt. Giddens) stated that only two pages of Jacobs' documents had been seized, and stated that his "claim of 151 pages is an outright fabrication and subject to a misconduct for lying," even though Chirico himself had stated in his report that he had seized 151 pages of documents belonging to Jacobs. On appeal, Superintendent Stickman agreed that only two pages had been seized and stated that they would not be returned because they were considered contraband. The Chief Grievance Officer affirmed on final review, stating that the legal materials were

3

properly confiscated because they were in the possession of another inmate.

Jacobs also alleged that on September 16, 2003 (the day after documents were seized from Lyons), Jacobs' cell was searched, and additional legal documents were confiscated from him; i.e., two declarations that had been executed by inmate Gary Banks, which Jacobs had planned to attach to his legal filings. Jacobs alleged that Lt. Giddens threatened Banks with bodily harm if he continued to help Jacobs in his legal endeavors. (An affidavit by Banks attesting to the same is attached to Jacobs' complaint). Jacobs was charged with refusing an order, possession of contraband and loaning or borrowing property. The disciplinary hearing report is largely illegible, but it appears he was found guilty of the latter two offenses, and was sanctioned with 30 days of disciplinary confinement. The misconduct was affirmed by the Program Review Committee and on second level appeal and final review.

After Jacobs filed his complaint, the defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Magistrate Judge recommended that it be granted, citing Hudson v. Palmer, 468 U.S. 517 (1984), because "the Fourth Amendment right to be free from unreasonable searches and seizures is inconsistent within the prison environment." The Report further recommended dismissing the retaliation claim because "the conduct of which the plaintiff complains was not constitutionally protected," and even if it was, "he has failed to set forth any bases upon which one might conclude that he suffered 'adverse action' as a result of the conduct about which he complains." The Report also notes that

4

Jacobs "knew that prison policy bans inmates from possessing legal materials belonging to another inmate." The District Court adopted the Report and Recommendation in a one-page order.

Accepting as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, as we must, see Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996); we find that Jacobs' allegations regarding retaliation are sufficient to survive § 12(b)(6) dismissal. To show that prison officials retaliated against a prisoner for exercising his constitutional rights, the prisoner must plead three elements:  1) the conduct in which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  Once he has made his prima facie case, the burden shifts to the defendant to prove by a preponderance of the evidence that it "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002) (internal quotation and citation omitted).

Here, the District Court stated, without explaining, that "the conduct of which the plaintiff complains was not constitutionally protected." Report and Recommendation at 3.  The Court may have believed that Jacobs was asserting a right to possess the legal

materials of other inmates.[1]    We believe Jacobs was asserting a broader right; that of

access to the courts, which is constitutionally protected.  Lewis v. Casey, 518 U.S. 343,

355 (1996).

We also believe that Jacobs sufficiently pled the second element; adverse action.

Jacobs alleged that as a result of the seizure of his legal materials, he lost parties from a

lawsuit, he was prevented from pursuing certain claims and he was given a disciplinary

sanction of segregation.  Of course, to win a retaliation claim, the plaintiff must show that

the adverse action was "sufficient to deter a person of ordinary firmness from exercising

his First Amendment rights."  Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000)

(internal quotation and citation omitted).  However, "unless the claimed retaliatory action

is truly 'inconsequential,' the plaintiff's claim should go to the jury."  Bell v. Johnson,

308 F.3d 594, 603 (6th Cir. 2002).  We find that Jacobs' allegations are not

inconsequential.

As to the third element, Jacobs presented evidence that the seizure of his

documents may have been motivated by his prior grievances filed against prison officials,

and by a desire to prevent him from filing a lawsuit in the future.  In particular, Jacobs'

_____

[1] To the extent Jacobs argues that prisoners have a right to assist each other on legal matters, the Supreme Court has held that prisons may, if consistent with Turner v. Safely, 482 U.S. 72 (1987), restrict inmates from assisting other inmates in legal matters.  Shaw v. Murphy, 532 U.S. 223 (2001).  Although the prison policy Jacobs cites as support for his position (DC-ADM 007) does not expressly prohibit one inmate from aiding another inmate, it does provide for official "Inmate Legal Reference Aides" and also provides that such Aides may not assist LTSU inmates (Jacobs was in LTSU at the time of the incidents complained of ).  This is similar to the policy upheld in Shaw.

6

complaint states, inter alia, that "[a]mongst the materials seized from Mr. Lyons was an anticipated lawsuit in which defendants Giddens, Stickman and Scire were all named as defendants," Complaint at ¶ 38; that Giddens admitted to inmate Banks that he "would be a fool to return the legal materials" because he was named as a defendant in the papers, Complaint at ¶ 39 and Exhibit A; and that after reading the affidavits that inmate Banks had prepared for Jacobs, "Giddens threatened Mr. Banks with bodily harm if he continued to assist Plaintiff in his legal endeavors against D.O.C. officials," Complaint at ¶ 50. All of these allegations, taken as true, tend to show that the prison officials may have had a retaliatory motive in seizing Jacobs' documents.

As noted previously, if a prisoner establishes a prima facie case of retaliation, the burden then shifts to the defendants to show that they would have taken the same action absent the protected conduct for reasons reasonably related to penological interest. Defendants argue that because the legal documents were "contraband," the documents were taken for a legitimate penological reason. We can understand that in the case of the documents seized from inmate Lyons, the prison might choose to categorize the documents as "contraband" in the hands of Lyons, but it does not necessarily follow that the documents should be destroyed, rather than returned to their owner. Indeed, when Jacobs filed a grievance concerning those documents, a staff member responded that he would "review the matter with Lt. Giddens, and, if appropriate, the items will be returned to you." A jury could infer that only after Giddens determined that the papers included a

planned lawsuit against him did he decide that the papers should be destroyed as "contraband." In the case of the documents seized from Jacobs' cell, it is not clear that the prison could legitimately categorize the documents as "contraband," if they were, as Jacobs alleges, affidavits that inmate Banks prepared for use in Jacobs' lawsuit. An affidavit must be prepared by the person having knowledge of the facts asserted therein. Thus, they are in a different category from legal research or legal filings prepared by one prisoner for another. It is difficult to imagine what the prison's legitimate penological interest would be in seizing and destroying the affidavits, absent any retaliatory motive. Because Jacobs' complaint states a prima facie case for retaliation, that claim should not have been dismissed.

Jacobs also appears to allege that the seizure and destruction of his documents violated his First Amendment right of access to the courts. An inmate who alleges a violation of the right of access to the courts must show an actual injury. Lewis v. Casey, 518 U.S. 343, 350 (1996). Actual injury can be demonstrated by showing that the defendants' actions resulted in the "loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir.1997). The underlying lost or rejected legal claim must be specifically identified and meritorious. Christopher v. Harbury, 536 U.S. 403, 414 (2002). As noted above, Jacobs alleged that because his legal documents were seized, he lost parties from a lawsuit and was prevented from pursuing certain claims. These allegations are not sufficiently specific to state a claim. However, when a district court

8

determines that a complaint is vulnerable to 12(b)(6) dismissal, the court must permit a curative amendment, regardless of whether the plaintiff seeks leave to amend, unless an amendment would be inequitable or futile. Alston, 363 F.3d at 235-36 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). It appears the District Court did not provide Jacobs with this opportunity. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (suggesting that "district judges expressly state . . . that the plaintiff has leave to amend within a specified period of time").

We express no opinion on the other legal claims raised in Jacobs' complaint, as the District Court did not address them. We will allow the District Court to determine in the first instance, after giving Jacobs an opportunity to amend his complaint, whether such claims survive dismissal.

For the foregoing reasons, we will vacate the order of the District Court and remand for further proceedings consistent with this opinion.[2]

---

[2] Although we denied Jacobs' motion for appointment of counsel on appeal, the District Court may wish to consider whether to appoint counsel on remand.

9